UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC WADE CLARK, | |
| Petitioner, | |
| -against- | 22-CV-6635 (LTS) |
| THE STATE OF NEW YORK; NYS OFFICE OF MENTAL HEALTH; NYS DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, | ORDER TO AMEND |
| Respondents. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Eric Wade Clark, who is proceeding *pro se*, filed this action seeking to be discharged from sex offender civil management under Article 10 of New York's Mental Hygiene Law (MHL), or in the alternative, the termination of his present supervision under Strict and Intensive Supervision and Treatment (SIST).[1] For the reasons discussed below, the Court directs Petitioner to file an amended petition within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[1] Petitioner has paid the filing fee for this action.

district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner did not submit a petition specifying his grounds for relief. Rather, he submitted a type-written appeal brief captioned for the New York State Supreme Court, Appellate Division, Second Department, on which he crossed off the state-court's name and handwrote this court's name and referenced a *habeas corpus* action that he previously had pending in this court before Judge Kenneth M. Karas.[2] (*See* ECF 1.) Petitioner also attached to the appeal brief documents from his state-court proceedings before the Westchester County Supreme Court and his appeal to the Appellate Division, Second Department. (*Id.*) He subsequently submitted hundreds of pages of supporting documents from his state-court proceedings and his prior *habeas* action in this court. (ECF 3, 4.)

The following information is taken from Petitioner's appeal brief and attachments and the documents submitted in support of his *habeas* petition. On April 22, 1985, Petitioner pleaded

---

[2] In 2011, Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the constitutionality of his 2007 parole revocation. On March 31, 2015, Judge Karas adopted in its entirety Magistrate Judge Lisa Margaret Smith's Report and Recommendation, recommending that the court dismiss Petitioner's petition as moot. *Clark v. Walsh*, ECF 7:11-CV-0044, 35, 2015 WL 1501457 (S.D.N.Y. Mar. 31, 2015).

guilty to rape in the first degree and kidnapping in the second degree in the Westchester County

Supreme Court, and on May 17, 1985, he was sentenced to indeterminate terms of eight and one-

third to twenty-five years' imprisonment. (ECF 1, at 37.) In 2003, Petitioner was released on

discretionary parole but, in 2007, his parole was revoked and he was re-incarcerated under the

custody of the New York State Department of Corrections and Community Supervision

(DOCCS) until his conditional release on August 30, 2012. (*Id.* at 38.)

Before Petitioner's release from DOCCS's custody, Respondents filed a sex offender civil

management petition in the Wyoming County Supreme Court, pursuant to MHL § 10.06(a). On

July 26, 2016, the Westchester County Supreme Court found that Petitioner was a sex offender

who suffered a "mental abnormality" and "is likely to be a danger to others and to commit sex

offenses if not confined to a secure treatment facility for care, treatment and control" under MHL

§ 10.07(f). (*Id.* at 39.) However, in May 2019, the Oneida County Supreme Court discharged

Petitioner from confinement and released him under SIST to the supervision of the New York

Division of Parole. (*Id.* at 41, 46.)

In March 2021, Petitioner filed a petition in the Westchester County Supreme Court

seeking immediate discharge from civil management, or alternatively, the termination of SIST.

(*Id.* at 37, 46.) He also sought the admission of a February 2020 polygraph test to retroactively

challenge his 2007 parole revocation. (*Id.* at 37.) On June 15, 2021, the state court denied

Petitioner's requests for immediate discharge from civil management and the admission of the

polygraph test, but the court directed the Respondents to prepare and submit an updated report

concerning "[P]etitioner's conduct while subject to his current SIST regimen." (*Id.* at 45.) The

state court further directed that Petitioner would continue his SIST regimen without

modifications until the court made a decision. (*Id.*) On October 12, 2021,  the Westchester

3

Supreme Court denied Petitioner's request to terminate SIST, finding that he continues to suffer from a mental abnormality and requires civil management. (*Id*. at 47.)

Petitioner appealed the Westchester County Supreme Court's decisions to the Appellate Division, Second Department, which dismissed the appeal, finding that the July 15, 2021, order was not appealable as of right, and denying Petitioner leave to appeal. (*See* ECF 3, at 2, 105; ECF 3-1, at 60-72.) Petitioner then filed a motion for reargument, which the Appellate Division denied. (ECF 3, at 3.)

## DISCUSSION

### A.     Rule 2 of the Rules Governing Section 2254 Cases

An individual who is incarcerated or restrained under a state court judgment of conviction and seeks to challenge that conviction must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Petitioner's submission does not conform to the requirements of Rule 2(c) because he does not clearly specify his grounds for relief and the supporting facts. He submitted as his Section 2254 petition his state-court appeal brief, along with hundreds of pages of documents in support of his claims, including papers from his criminal case and prior *habeas corpus* proceedings in this court. Petitioner's cache of documents appears to have been submitted without any discernment as to their relevancy and contains many duplicates of the same papers. Further, because Petitioner does not clearly state the constitutional grounds for his Section 2254 petition, the Court is unable to discern fully the bases for the relief he seeks.

**B.      Leave to Amend Petition**

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, it must comply with Rule 2(c), that is, clearly set forth all of his grounds for *habeas corpus* relief and the facts that support each ground. Petitioner may do so by fully completing the Section 2254 amended petition form, laying out each constitutional claim and the supporting facts. Petitioner must also detail the steps he has taken to exhaust those grounds fully in the New York courts, including all dates he filed any appeals.[3] Petitioner may attach supporting materials to the petition, such as state-court decisions pertinent to his claims, but he should carefully review any document he wishes to submit to make sure that it is relevant to a specific issue that he is raising. Petitioner is advised that an amended petition completely replaces the original petition. Thus, Petitioner must include all facts and information in the amended petition that he would like the Court to consider.

## CONCLUSION

The Court directs Petitioner to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with

---

[3] Prior to bringing a Section 2254 petition, an individual who is seeking relief from a state court judgment must exhaust all available state remedies. *See* 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 19, 2022
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241                                                                                                                                Page 1
(Rev. 06/13)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241
(Rev. 06/13)

Page 2

**AMENDED**

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. |

| The Attorney General of the State of |
|---|

**AMENDED**

**PETITION**

1.     (a) Name and location of court that entered the judgment of conviction you are challenging:

      (b) Criminal docket or case number (if you know):

2.     (a) Date of the judgment of conviction (if you know):

      (b) Date of sentencing:

3.     Length of sentence:

4.     In this case, were you convicted on more than one count or of more than one crime?  ❏ Yes  ❏ No

5.     Identify all crimes of which you were convicted and sentenced in this case:

6.     (a) What was your plea? (Check one)

           ❏ (1)    Not guilty      ❏ (3)    Nolo contendere (no contest)

           ❏ (2)    Guilty         ❏ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury        ❏ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes        ❏ No

8.    Did you appeal from the judgment of conviction?

❏ Yes        ❏ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❏ Yes        ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❒   Yes          ❒   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.      Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❒   Yes          ❒   No

11.      If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒   Yes     ❒   No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:     ❏  Yes     ❏  No

(2)  Second petition:     ❏  Yes     ❏  No

(3)  Third petition:     ❏  Yes     ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❒  Yes    ❒  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒  Yes    ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❒  Yes    ❒  No

(4) Did you appeal from the denial of your motion or petition?    ❒  Yes    ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❒  Yes    ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❒ Yes      ❒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                 ❒ Yes      ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes          ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒   Yes          ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?               ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?          ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❑  Yes    ❑  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ❑    Yes    ❑  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ❑    Yes    ❑  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?             ❐ Yes    ❐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?             ❐ Yes    ❐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241
(Rev. 06/13)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print     Save As...     Reset