UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC WADE CLARK,<br><br>                                  Petitioner,<br><br>      v.<br><br>THE STATE OF NEW YORK, ET AL.,<br><br>                                Respondents. | No. 22-CV-6635 (KMK)<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

KENNETH M. KARAS, United States District Judge:

      On July 26, 2016, Acting Supreme Court Justice Susan Cacace ("Judge Cacace") in Supreme Court, Westchester County issued a decision and order, concluding that Eric Wade Clark ("Petitioner" or "Clark") is a dangerous sex offender suffering from a mental abnormality, and ordering that he be subjected to civil confinement. (*See* Dkt. No. 32 at 151–63.) Approximately three years later, on March 19, 2019, the County Court in Oneida County, issued an order, which directed that Petitioner be released from civil confinement to strict and intensive supervision and treatment ("SIST"), pursuant to under New York State Mental Hygiene Law ("MHL") § 10.11. (*See id.* at 164–69.) On April 9, 2021, Mr, Clark filed a petition seeking to be discharged from SIST. (*See id.* at 172–204.) Judge Cacace issued a decision and order on June 15, 2021, that did not decide the discharge petition, but instead directed the Commissioner of the Office of Mental Health, and the Division of Parole, to provide an updated report regarding Petitioner's behavior while subject to SIST. (*See id.* at 222–30.) The report determined that Petitioner met the criteria for mental abnormality as defined in MHL § 10.03(i), and as a result, on October 14, 2021, Judge Cacace denied Mr. Clark's petition for discharge from SIST. (*See id.* at 254–56.)

On August 3, 2022, Petitioner, proceeding pro se, filed the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554, challenging his continued civil management under SIST. (*See* Pet. (Dkt. No. 1).)[1]  Specifically, the Petition challenges the June 15, 2021 decision and order and the denial of a previous federal habeas corpus petition that Petitioner filed in 2010, which challenged the revocation of his parole in 2007. (*See* Am. Pet. at 4–6.) In addition, the Court construes the Petition to also be challenging the October 14, 2021 decision and order to keep Petitioner in SIST, as well as Petitioner's subjection to MHL Article 104 proceedings at all from the time those proceedings were initiated in August 2012. (*See generally* Petition.)

On April 3, 2023, the Court referred this case to Magistrate Judge Andrew E. Krause ("Judge Krause"). (*See* Dkt. No. 13.) Judge Krause issued a thorough Report and Recommendation ("R&R"), on August 5, 2024, recommending that Mr. Clark's Petition be denied. (*See* R&R (Dkt. No. 50).) No objections were filed.[2, 3]

---

[1] The Court notes that Mr. Clark amended his Petition on January 4, 2023. (*See* Am. Pet. (Dkt. No. 6).) The Court's construes Mr. Clark's original Petition, (*see* Dkt. No. 1), Amended Petition (*see* Dkt. No. 6), and supplementary documents (*see* Dkt. Nos. 3–4) together as the operative Amended Petition. Accordingly, the references herein to the "Petition" refer to Mr. Clark's habeas claims as set forth in the Amended Petition and amplified by the various filings and documents filed by Petitioner.

[2] Judge Krause provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to the R&R were due within fourteen days from the receipt of the R&R, and that the failure to object would constitute a waiver of either Parties' right to raise any objections to this R&R on appeal. (*See* R&R 38.)

[3] On August 13, 2024, Mr. Clark emailed various entities, including this Court's chambers. Mr. Clark acknowledged that Judge Krause filed an R&R in this Action but claimed that it was "unlawful" for him to do so given the fact that Mr. Clark had filed a petition for mandamus regarding his Action in the Second Circuit. (*See* 8/13/2024 Clark Email (Dkt. No. 51).) In the same email, Mr. Clark asserts that he is demanding in his mandamus petition that this Court be removed from the matter and that Mr. Clark "will not send anything to Judge Karas." (*See id.*) Mr. Clark has not filed anything further on the docket that this Court could interpret as objections to the R&R. (*See* Dkt.) As such, the Court concludes that Mr. Clark has not filed any objections. Additionally, the Court notes that despite Mr. Clark's filing of a

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1 (S.D.N.Y. June 2, 2023) (citing *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010)); *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, No. 16-CV-9527, 2022 WL 17070111, at *1 (S.D.N.Y. Nov. 17, 2022) (same). The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby ORDERED that the Report and Recommendation, dated August 5, 2024, is ADOPTED in its entirety and that the Petition is DISMISSED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000)), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). The Clerk of the Court is respectfully directed terminate the pending motions at Dkt. Nos. at 40, 43, and 46, close this case and to mail a copy of this Order to Petitioner.

---

mandamus petition in the Second Circuit, this Court is not divested of its jurisdiction to decide the instant Petition. *See S.E.C. v. Citigroup Glob. Markets Inc.*, 827 F. Supp. 2d 336, 339 (S.D.N.Y. 2011), *supplemented* (Dec. 29, 2011) (holding that "the mere application to the Court of Appeals for a writ of mandamus" does not "deprive a district court of jurisdiction in any respect"); *see also Batalla Vidal v. Nielsen*, No. 16-CV-4756, 2018 WL 333515, at *4 (E.D.N.Y. Jan. 8, 2018) (citing *Citigroup Glob. Markets Inc.*, 827 F. Supp. 2d 336, and noting that filing of a mandamus petition does not deprive a district court of jurisdiction).

SO ORDERED.

Dated: August 30, 2024
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE